# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>  v.<br>BARAC BARAJAS-BANDT,<br><br>                           Defendant. | Case No. 10cr82-BTM<br><br>**ORDER RE JUDICIAL RECUSAL** |

Defendant is charged with violating 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 876(c) for threatening to kill Judge John Houston, District Court Judge in the Southern District of California.

In the course of proceedings, the issue of recusal under 28 U.S.C. § 455 has arisen in three contexts. First, Defendant sought recusal of the entire bench of the Southern District of California. That motion was denied in a March 29, 2010 minute order. Defendant now seeks reconsideration of this order. Second, the Court has addressed in open court the reasons why the undersigned's personal relationship with Judge Houston does not mandate recusal. Finally, Defendant has twice threatened the Court during court proceedings, and the parties have filed briefs addressing whether judicial recusal under § 455 is appropriate in light of these threats.

The Court now addresses all three possible bases for judicial recusal.

//

//

## I. GOVERNING LAW

The Court engages in a two-part test to evaluate whether recusal is required under § 455. First, under U.S.C. § 455(a), a judge must recuse in proceedings "in which his impartiality might reasonably be questioned." The test for disqualification under § 455(a) is an objective one which asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

Second, the judge must apply the subjective standard articulated in § 455(b) to determine whether he can be truly impartial when trying the case. *United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008). "This test is highly personal in nature and requires each judge in such a situation to set aside emotion and thoughtfully examine his ability to impartially administer justice without respect to persons." *Id.* (quotations and citation omitted).

## II. DISCUSSION

### A. Recusal Of The Entire Bench

Defendant seeks recusal of all the district judges in the Southern District of California on the ground that the relationship between Judge Houston and other judges in this district creates an appearance of impartiality that necessitates district-wide recusal.

There are sixteen district court judges (including senior judges) in the Southern District of California, and all have chambers and courtrooms in the same building. Southern District judges meet most Mondays to discuss issues involving administration of the Court.

The Court is unaware of the extent to which judges in this district socialize. Some judges have lunch together, although the undersigned has not for many years. There are also some social functions related to the Court. For example, there are dinners for judges and their spouses when a judge takes senior status, and judges often dine together when traveling for district, Ninth Circuit, and other judicial conferences. Personally, outside of these court social functions, the undersigned has rarely socialized with other judges in the

district.

These facts do not present a situation where recusal is mandatory under § 455(a)(1). District-wide recusal is not warranted based on relationships between members of the bench and threatened judges, "except under highly exceptional circumstances." *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1180 (9th Cir. 2005). In *Clemens*, the Ninth Circuit held that professional relationships amongst federal district court judges from the Central District of California do not require district-wide recusal in a prosecution for threats made against judges from that district. *Id.*

The only facts that could possibly distinguish the instant case from *Clemens* is that the Southern District of California is smaller than the Central District and all of its judges work in the same courthouse. However, it is doubtful that the size of the district, alone, constitutes a "highly exceptional circumstance[]" that would require district-wide disqualification. *Id.* Although the Ninth Circuit discussed the large size of the Central District in support for its finding that no reasonable observer could construe threats made to particular judges as threats against the district collectively, the size of the district had no bearing on the *Clemens* Court's holding that the professional relationships between judges and their colleagues who were victims of threats did not create an appearance of impartiality sufficient to mandate district-wide recusal. *See id.* Indeed, the defendant in *Clemens* was charged with making threats against three judges of the Central District (Judges Keller, Snyder, and Tevrizian), and one of his threatening letters mentions three others (Judges King, Marshall, and Wilson). *Clemens v. United States Dist. Court*, 05-75631, dock. #2 at 87. Nothing in *Clemens* indicates that recusal of all judges working in the same courthouse as these judges would be required under § 455(a)(1). Therefore, following this precedent, the Court holds that district-wide recusal is not warranted.[1]

**B. Recusal Based On The Court's Relationship With Judge Houston**

Judge Houston and the undersigned worked together as Assistant United States

---

[1] Because this basis for recusal involves the district collectively, the Court's analysis is confined to § 455(a).

Attorneys in 1985 and 1986 in the same unit and during this time, carpooled to work. In the last two to three years, the Court recalls dining twice in small groups that included Judge Houston at judicial conferences outside of San Diego and dining twice with Judge Houston and his wife in large groups of judges and their spouses to celebrate the senior status of two other colleagues. Otherwise, the Court does not have a social relationship with Judge Houston.

Recusal is not mandatory under § 455(a) in these circumstances. If district-wide recusal is not warranted based on professional relationships that exist by virtue of serving in the same district, *Clemens*, 428 F.3d at 1180, then, *a fortiori*, it would be error for an individual judge to recuse solely because threats were made against a colleague.

Additionally, the Court's current limited social interaction with Judge Houston does not rise to a level that would mandate recusal under relevant case law reviewed by the Court. *See generally Sewer Alert Comm. v. Pierce Cty.*, 791 F.2d 796, 798 (9th Cir. 1986) (not requiring a judge to recuse in a case despite alleged friendship with defendants); *Olmstead v. CCA of Tenn., LLC*, Nos. 08cv29, 08cv431, 2008 U.S. Dist. LEXIS 100348, at *3 n.1 (S.D. Ind. Dec. 11, 2008) (no recusal where counsel appearing before judge was "a friend whom [the judge] see[s] socially two to three times per year."); *c.f. United States v. Murphy*, 768 F.2d 1518, 1537-1538 (7th Cir. 1985) ("In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. . . . Many courts therefore have held that a judge need not disqualify himself just because a friend – even a close friend – appears as a lawyer. [citing cases].")

Finally, the Court's relationship with Judge Houston while at the United States Attorney's Office is sufficiently in the past to cure any possible appearance of impartiality. In an analogous situation where a former law partner appears as counsel before a judge, the United States Judicial Conference Advisory Committee on Codes of Conduct "recommends that judges consider a recusal period of at least two years, recognizing that there will be

circumstances where a longer period may be more appropriate." 2 Guide to Judiciary Policies and Procedures, Ch. 2 at 24-1 (Advisory Opinion No. 24). Similarly, the Advisory Committee opines that a recusal period of one to two years is appropriate where a retired judicial colleague appears as counsel. *Id.* at 70-1 (Advisory Opinion No. 70). Moreover, several courts have held that recusal is not mandatory when a former law clerk appears before the court. *See, e.g., Smith v. Pepsico, Inc.*, 434 F. Supp. 524, 526 (S.D. Fla. 1977); *Olmstead v. CCA of Tenn., LLC*, 2008 U.S. Dist. LEXIS 100348. Taken together, these authorities strongly suggest that the Court's association with Judge Houston at the United States Attorney's Office twenty-five years ago does not provide a basis for recusal. And any relationship that existed then as coworkers and by virtue of carpooling to work would be no greater than that which would exist between a judge and a former law clerk.

The Court also finds that recusal is not warranted under § 455(b). The fact that Defendant has threatened Judge Houston will not prevent the Court from deciding the case impartially. However, if the Court is later placed in a position where it must assess the credibility of Judge Houston or anyone in his chambers that the undersigned has a relationship with, recusal may be appropriate. Thus, if there is a bench trial, the Court will reconsider its decision to not recuse based on who will actually appear as witnesses.

## C. Recusal Based On Defendant's Threats Against The Court

At an October 29, 2010 hearing, Defendant threatened to kill the undersigned and the undersigned's family. Almost three months later, Defendant made a similar threat at the conclusion of his *Sell* hearing. After Defendant's first outburst but before his second, the parties filed briefs regarding judicial recusal.

Both parties contend that recusal is not required under § 455's objective prong. [*See* Dock. # 57 at 4; Dock. # 66 at 3). The Court agrees. Defendant is in custody, and because he is an illegal alien, he will be deported at the conclusion of his trial or at the end of any sentence imposed. Recusal is not required under § 455(a)(1) in such circumstances. *C.f. United States v. Dehgani*, 550 F.3d 716, 721-22 (8th Cir. Mo. 2008); *United States v. Holland*, 519 F.3d 909, 914-15 (9th Cir. 2008).

The Court also finds that Defendant's threats do not mandate recusal under the subjective standard articulated in § 455(b). The Court believes that Defendant's threats are a reflection of his mental health issues and his frustration at the treatment he was receiving. Defendant's outbursts were not accompanied by gestures or any other physical act. As illustrated in the transcripts, the Court does not find Defendant's threats to be of concern. (*See, e.g.*, Transcript of Status Conf., Oct. 29, 2010, 3:18-22) ("THE DEFENDANT: . . . If I get out, you are dead, mother\_ \_ \_ \_er - your whole family, mother\_ \_ \_ \_er. THE COURT: All right. Let's put the matter over. We need to pick the date. So why don't we do this, how long do you think the hearing will take place?"). Accordingly, the Court finds that these threats pose no bar to deciding the case with impartiality.

### III. CONCLUSION

The Court **DENIES** Defendant's request to reconsider the Court's denial of his motion to recuse all judges from the Southern District of California. Additionally, the Court finds that neither a relationship with Judge Houston nor Defendant's threats to the undersigned provide a basis for recusal at this time. However, the Court will reconsider its decision if it must act as a fact-finder in this case.

**IT IS SO ORDERED.**

DATED: February 24, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge